May Term,
1854.

EDWARDS *v.* HOUGH.

EDWARDS
V.
HOUGH.

A decree of foreclosure was invalid, under the R. S. 1843, which did not allege whether any proceedings had been had at law to recover the mortgage debt. A bill of foreclosure contained no allegation whether any proceedings had been had at law to recover the mortgage debt. On a demurrer being sustained to the bill, the complainant amended by inserting the allegation. *Held,* that, under the R. S. 1843, the adverse party was entitled to a continuance.

APPEAL from the *Whitley* Circuit Court.

*Tuesday,*
*May 30.*

DAVISON, J.—This was a bill in chancery filed in *September*, 1851, for a sale of mortgaged premises.

The record contains a bill of exceptions which shows that at the *March* term, 1852, a demurrer was sustained to the bill, whereupon the complainant amended by striking out the name of *James B. Collins* in that part of the bill which alleged the non-payment of the note therein described, and inserting in lieu thereof the name of the said *James B. Edwards;* and also amended by alleging "that no proceedings whatever have been instituted in any Court of law to recover said mortgage debt," instead of "that no proceedings had been had by said complainant,", as stated in the original bill.

The complainant, upon the amendments being made, moved for a rule against the defendant to answer, &c., by the next morning; but the defendant insisted on a continuance to the next term. Thereupon the complainant offered to submit to such continuance, provided the defendant would state to the Court that he had a defence to the demand charged in the bill. This he declined doing, and the Court granted the rule, &c. On the next morning, the defendant having failed to answer, &c., the Court rendered a final decree in the premises.

The latter amendment was, no doubt, material. Without it the bill would have been defective in substance, and no valid decree could have been rendered in the suit. *McMullen* v. *Furnass*, 1 Ind. R. 160 (1). We think the defendant was entitled to a continuance. A statute in force when the continuance in this case was refused, pro-

May Term, vided, that if the bill be amended "during the term, or 1854. within thirty days previous thereto, the defendant may have a continuance of the suit, and time to answer," &c., "until the next term." R. S. 1843, c. 46, s. 23 (2). The defendant's refusal to state that he had a defence, &c., is not any reason in support of the ruling of the Court.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. L. Worden,* for the appellant.

*S. Yandes,* for the appellee.

(1) The materiality of the amendment grew out of the following provision in the R. S. 1843, referred to in the case cited, viz.:

"Upon filing a bill for the foreclosure or satisfaction of a mortgage, the complainant shall state therein whether any and what proceedings have been had at law, for the recovery of the debt secured thereby, or any part thereof, and whether such debt or any part thereof has been collected." R. S. 1843, p. 461.

The R. S. 1852 do not contain a similar provision. But they enact that—

"The plaintiff shall not proceed to foreclose his mortgage while he is prosecuting any other action for the same debt or matter which is secured by the mortgage, or while he is seeking to obtain execution of any judgment in such other action; nor shall he prosecute any other action for the same matter, while he is foreclosing his mortgage, or prosecuting a judgment of foreclosure." 2 R. S. 1852, p. 176.

(2) The R. S. 1852 enact, that no cause shall be delayed by reason of any amendment, excepting only the time to make up issues, but upon good cause shown by the affidavit of the party or his agent asking such delay; which affidavit shall show distinctly in what respect the party asking the delay has been prejudiced in his preparation for trial by the amendment. And that when the action is continued for such cause, the party asking the delay shall file his pleadings at such time as the Court may direct. 2 R. S. 1852, p. 48.